UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD NEVERS,

    Plaintiff,

v.

ALTEC INDUSTRIES INCORPORATED,

    Defendant.

USDC Case No. 2:07-CV-12422
Hon. Paul D. Borman
Referral Judge: Mona K. Majzoub

Underlying Case No. 07-713213 NP
3rd Judicial Circuit Court – Wayne County
Hon. Susan D. Borman

_____/

| | |
|---|---|
| Samuel A. Meklir (P17603) | Jerome A. Galante (P32406) |
| Richard G. Brewer (P31124) | Plunkett & Cooney, P.C. |
| Sommers Schwartz, P.C. | Attorneys for Defendant |
| Attorneys for Plaintiff | 38505 Woodward Ave., Suite 2000 |
| 2000 Town Center, Suite 900 | Bloomfield Hills, MI 48302 |
| Southfield, MI 48075-1100 | 248/594-8209 |
| 248-355-0300 | |

_____/

## STIPULATION TO ENTRY OF PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION AND INADVERTENT DISCLOSURE OF PROTECTED OR PRIVILEDGED INFORMATION

    IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto, through their respective counsel, that the attached Protective Order for Confidential Information and Inadvertent Disclosure of Protected or Privileged Information be entered.

/s/ Samuel A. Meklir (w/permission)
Samuel A. Meklir (P17603)
Attorney for Plaintiff

/s/ Jerome A. Galante_____
Jerome A. Galante (P32406)
Attorney for Defendant

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD NEVERS,

    Plaintiff,                          USDC Case No. 2:07-CV-12422
                                      Hon. Paul D. Borman
                                      Referral Judge: Mona K. Majzoub

v.                                         Underlying Case No. 07-713213 NP
                                      3rd Judicial Circuit Court – Wayne County
ALTEC INDUSTRIES INCORPORATED,      Hon. Susan D. Borman

    Defendant.
_____/

| | |
|---|---|
| Samuel A. Meklir (P17603) | Jerome A. Galante (P32406) |
| Richard G. Brewer (P31124) | Plunkett & Cooney, P.C. |
| Sommers Schwartz, P.C. | Attorneys for Defendant |
| Attorneys for Plaintiff | 38505 Woodward Ave., Suite 2000 |
| 2000 Town Center, Suite 900 | Bloomfield Hills, MI 48302 |
| Southfield, MI 48075-1100 | 248/594-8209 |
| 248-355-0300 | |

_____/

**PROTECTIVE ORDER FOR CONFIDENTIAL INFORMATION AND INADVERTENT DISCLOSURE OF PROTECTED OR PRIVILEDGED INFORMATION**

                      At a session of said Court, held in the
                      city of _____, state of Michigan,
                      on _____

    PRESENT: THE HON. _____

    THIS CAUSE came on to be heard upon the Stipulation of counsel for Plaintiff Ronald Nevers and Defendant Altec Industries, Inc., as to the entry of a Protective Order for Confidential Information and Inadvertent Disclosure of Protected or Privileged Information, and the Court being duly advised in the premises, it is ORDERED AND ADJUDGED as follows:

**Confidential Information**

1.  The parties and their attorneys shall not give, show or otherwise, either directly or indirectly, divulge any documents or other materials which contain confidential information produced by Defendant Altec Industries, Inc. in this action or the substance thereof in this action, or the substance thereof, or any copies, descriptions, prints, negatives or summaries thereof, and will not disclose the fact of the existence thereof, and will not use or disclose any information contained therein to any entity or person except the "qualified persons" identified in subparagraphs A through D below:

    A.  Counsel of record for the parties and attorneys employed by such counsel of record or by any of the parties, and who assist, supervise or monitor the prosecution or defense of this case;

    B.  Paralegal, stenographic, clerical and other employees of counsel of record to this case;

    C.  Court reporters and employees of court reporters engaged by counsel to record and transcribe testimony in connection with this case; and

    D.  Independent experts and consultants employed by counsel for the parties to assist in the preparation or trial of this case and any employee of a party required to assist counsel in preparation.

2.  Any and all such qualified persons above who are given access to confidential information shall be presented with a copy of this Order by the attorney making the disclosure and shall agree to abide by its terms. Those persons shall not give, show or otherwise, either directly or indirectly, divulge or otherwise use any confidential information produced by Defendant Altec Industries, Inc. in this action, or the substance thereof, or the existence thereof, or any copies, prints, negatives, portions or summaries thereof to any entity or person, except only as may be necessary to prepare for or to conduct this litigation, or to render expert advice,

assistance or testimony in this litigation. In that event, the disclosure shall likewise be subject to the terms and conditions of this Order.

3. Any party may designate a document or information as, "confidential." Documents or information so designated may be marked "confidential" with a stamp.

4. In the event that any party disagrees with the designation of a document or information as "confidential," that party may request that the Court rule regarding the matter by filing and serving written notice of obligation not more than thirty (30) days after the designation has been made. Until the Court rules that the document or information falls outside this Protective Order, the document or information shall be treated as if covered by this Order, including the provisions of Paragraph 9 herein. Once a request is made, the burden shall be on the party seeking protection to establish the confidential nature of the document or information.

5. Within sixty (60) days of the termination of this action, all copies of the documents furnished by Defendant Altec Industries, Inc. and any and all copies, prints, negatives, portions and summaries thereof, including any and all copies, prints, negatives, portions and summaries in the possession of qualified persons, shall be returned to counsel for Defendant Altec Industries, Inc. In the event that all such items are not returned, counsel shall provide Defendant Altec Industries, Inc.'s counsel with the name and address of each person or firm to whom such items were disclosed who have retained such items in violation of this Protective Order.

6. Documents and information covered by this Order shall be used solely for the purpose of conducting this litigation and not for any business or other purpose. Additionally, all documents covered by this Order that are transmitted to or by qualified persons shall be accompanied by a cover sheet stating that the documents are to be returned at the conclusion of

the litigation, together with any copies, prints, negatives, portions or summaries thereof to the attorney supplying them. All qualified persons shall agree to abide by this requirement.

7. No party hereto shall be bound by this Order as to any information which it possessed prior to this action, unless that information was obtained from the other party under circumstances requiring the first party to treat it as confidential. Any party claiming that information designated by the other party as confidential has been in the possession of any such first party or has been in the possession of the public prior to the disclosure of such information and discovery herein shall have the burden of proving such earlier possession of such public knowledge of such information.

8. This Order, by its terms and its meaning, is intended to include, and does include, any confidential information which may be admitted into evidence during the trial of this matter. Such admission into evidence does not waive the terms of this Order. The Court will treat such confidential information as if filed in camera.

9. When any party desires to use a document or information that is covered by this Order in any public record, such as attachment to motions, production at hearings or exhibits to depositions, or when any discovery response, including interrogatory answers and responses to requests to admit is to be filed with the Court, the document shall be marked "confidential," be sealed and be treated as if filed in camera. When confidential documents or information are presented, quoted or referenced in any deposition, hearing or other proceedings other than at trial, counsel for the parties shall make arrangements or, when appropriate, request the Court to make arrangements to ensure that only qualified persons are present during such presentation, quotation or reference. Any brief or memorandum which quotes or otherwise discloses contents

of documents covered by this Order shall be so designated and sealed when filed and treated as filed in camera.

10. No document designated confidential pursuant to this Order nor the substance thereof shall be disclosed to known current or former employees or principals of competitors of Defendant Altec Industries, Inc. without first affording Defendant Altec Industries, Inc. an opportunity to be heard in this Court.

**Protected or Privileged Information**

11. The parties agree to take reasonable steps to identify and withhold from production information that a party believes is protected by the work product doctrine or otherwise subject to any recognized evidentiary privilege ("Protected or Privileged Information"). Due to the volume and/or nature of the information that is contemplated to be exchanged, the parties recognize that there is a possibility that Protected or Privileged Information may be inadvertently produced during the course of discovery. In the event that Protected or Privileged Information is inadvertently produced, the producing party shall notify any party that received the Protected or Privileged Information as soon as practicable after the producing party discovered, or with reasonable diligence after production should have discovered, the inadvertent disclosure. Notice to the receiving party shall include the basis for the producing party's claim of protection or privilege. After being notified, the receiving party shall promptly return, sequester or destroy the specified Protected or Privileged Information (including any copies) and may not use or disclose the information, except to the Court as indicated below. A receiving party who disclosed the Protected or Privileged Information before being notified of its protected or privileged status shall take reasonable steps to retrieve it. By complying with this obligation, the receiving party does not waive any right it may have to challenge the assertion of privilege or work product protection, and may submit the inadvertently disclosed Protected or Privileged Information to the court under seal for a determination of the claim.

12. Any party who violates this Protective Order shall be subject to contempt of this Court, attorney fees and costs for having to enforce this Order.

<pre>
                              s/Paul D. Borman                              
                              PAUL D. BORMAN
                              UNITED STATES DISTRICT JUDGE
</pre>

Dated: October 18, 2007

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on October 18, 2007.

<pre>
                              s/Denise Goodine                              
                              Case Manager
</pre>