**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RONALD NEVERS,

        Plaintiff,                      CASE NO. 07-CV-12422

vs.                                            PAUL D. BORMAN
                                            UNITED STATES DISTRICT JUDGE

ALTEC INDUSTRIES
INCORPORATED,

        Defendant.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART**
**DEFENDANT'S MOTION IN LIMINE**

Now before the Court is Defendant Altec Industries Inc.'s January 12, 2009 Motions in Limine. (Dkt. No. 28). The Court held a hearing on these matters on February 27, 2009. Trial is scheduled for May 19, 2009.

For the following reasons and those explained from the bench, the Court GRANTS IN PART and DENIES IN PART Defendant's Motions in Limine.

**I.    BACKGROUND**

This is a product liability case wherein Plaintiff Ronald Nevers ("Plaintiff") suffered serious injuries while working on a truck that was designed and manufactured by Defendant Altec Industries Inc. ("Defendant").

On or about August 28, 2005, Plaintiff, an automotive and truck mechanic employee of DTE Energy Co. ("DTE") since 1995, severely injured himself while performing maintenance on a "stack

boom aerial device truck," the Altec AA775, designed, marketed, and manufactured by Defendant. (Compl. ¶¶ 6-8, 12).

According to Plaintiff, on the date of the incident, the Altec AA775 was brought into DTE's Warren Service Center for repairs because the boom—the lifting mechanism attached to the bucket—was making a squeaking noise. (Pl.'s Resp. Br. 4). After reading the service manual, Plaintiff climbed into the back of the Altec AA775 to engage the lower boom controls. (*Id*. at 4-5). As Plaintiff stood on the back of the truck, he reached around the bucket to access the controls and then raised the bucket. (*Id*. at 5). Once the bucket was raised, he lubricated the boom. (*Id*. at 6). To determine whether his repairs had been successful, Plaintiff moved the boom again. (*Id*.) In so doing, however, he moved the lever in the wrong direction causing the bucket to forcefully strike him on the head and knock him down to the back of the truck. (*Id*.) Plaintiff suffered severe injuries, including several fractures of his spine. (*Id*.)

On May 16, 2007, Plaintiff filed in the instant action in the Circuit Court for the County of Wayne, Michigan, alleging defective design, defective design-negligence, and breach of warranties. Defendant removed the case to this Court on June 5, 2007 based on diversity jurisdiction.

**II.    ANALYSIS**

    **A.    Standard of Review**

The Court exercises discretion when resolving questions of relevancy and admissibility of evidence at trial. *See United States v. Seago*, 930 F.2d 482, 494 (6th Cir. 1992). Generally, evidentiary determinations depend largely upon the Court's assessment of the relevance of proffered evidence as well as the extent that any prejudice is created by its admission.

Relevant evidence is defined in Federal Rule of Evidence ("FRE") 401, as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." "Evidence that is not relevant is not admissible." FED. R. EVID. 402. Under FRE 403, a court may exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

FRE 407 excludes evidence of subsequent remedial measures for certain purposes. It provides:

> When, after an injury or harm allegedly caused by an event, measures are taken that, if taken previously, would have made the injury or harm less likely to occur, evidence of the subsequent remedial measure is not admissible to prove negligence, culpable conduct, a defect in product, a defect in a product's design, or a need for warning or instruction. This rule does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment.

**B.     Evidence of Other "Near Misses"**

Defendant anticipates that Plaintiff will attempt to introduce testimony from at least two witnesses employed by DTE, who each had a negative experience with the Altec AA775 while operating it. During the deposition of William Haloweski, a co-worker of Plaintiff, Mr. Haloweski stated that after Plaintiff's accident, he spoke with the DTE corporate safety group and told them:

> [A]bout an incident that I had with [the vehicle in question] in [2004] that I felt I almost got hit by it . . . I noticed how that when I put the – set the bucket back down in the rest, that thing was awful close, and I kind of thought to myself like damn, this is close. This is like – it was very awkward to operate. It was the first time I've been exposed to that after all the years I've worked on all the different variety of equipment the company had. This one felt the most uncomfortable.

3

(Def.'s Br. Ex. 1, Haloweski Dep. 11:25-12:14).   In addition, during the deposition of DTE employee Jeffrey Todd DeSantis, DeSantis testified that although he's never been hit in the head by the bucket, the bucket has come "pretty close where it grazed [his] shoulder."  (Def.'s Resp. Ex. 1, DeSantis Dep. 21:17-19).

Defendant argues that this testimony should be excluded from evidence because it is not relevant under FRE 401 and 402.  Defendant cites *Croskey v. BMW of N. Am., Inc.*, 532 F.3d 511 (6th Cir. 2008) for support.

In *Croskey*, the Sixth Circuit reaffirmed prior holdings that evidence of prior incidents is inadmissible unless the prior incidents are "substantially similar" to the one in issue.  *Id*. at 518. "Substantial similarity means that the accidents must have occurred under similar circumstances *or share the same cause*."  *Id*. (emphasis added) (citing *Brooks v. Chrysler Corp.*, 786 F.2d 1191, 1195 (D.C. Cir. 1986) ("Evidence of prior instances is admissible on the issues of the existence of a design defect and a defendant's knowledge of that defect only if a plaintiff shows that the incidents 'occurred under circumstances substantially similar to those at issue in the case at bar'")).  The burden of showing substantial similarity lies with the plaintiff.  *Croskey*, 532 F.3d at 518 (citing *Lewy v. Remington Arms Co.*, 836 F.2d 1104, 1109 (8th Cir. 1988)).  But, "[e]ven when substantial similarity of circumstances is proven, the trial judge has broad discretion to exclude those exhibits under Rule 403."  *Brooks*, 786 F.2d at 1195.  Proof of prior incidents often is not admitted into evidence because it may result in unfair prejudice, consumption of time, and distraction of the jury to collateral matters.  *Id*. at 1198.

The Court finds that although the "near misses" obviously did not involve "hits" like in the in the instant case, they are relevant admissible evidence.

4

As such, Plaintiff may introduce testimonial evidence of other "near misses" from Mr. Haloweski and Mr. DeSantis for the limited purpose of showing that other DTE employees experienced difficulties, including having the bucket almost strike them, when working with the lower controls of an Altec AA775. While there certainly is a risk that the testimony by these witnesses could result in consumption of time and the distraction of the jury to a collateral matter—namely, the exact circumstances surrounding the witnesses' near misses—such a risk is minimal given that only Mr. Haloweski and Mr. DeSantis will providing testimony as to their near misses and that Mr. Haloweski and Mr. DeSantis were operating the lower controls, albeit potentially from a slightly different position,[1] at the time of their near misses.

Accordingly, to the extent that Plaintiff attempts to introduce testimony from Mr. Haloweski's and Mr. DeSantis's "near miss" for the limited purpose of showing their difficulty in working with the design of the Altec AA755, the Court DENIES Defendant's Motion in Limine.

### C.     Warning Decal

After Plaintiff's accident and at DTE's request, Defendant provided DTE with a decal to put on all of its Altec AA755 aerial lift trucks warning of potential crush injury while stowing the bucket from the lower controls. Defendant argues that evidence of this decal provided after Plaintiff's accident should be excluded because it constitutes a subsequent remedial measure, properly excludable under FRE 407. Plaintiff does not dispute that the decal is a subsequent remedial

---

[1] While Plaintiff was operating the lower controls from a standing position at the back of the truck, at least Mr. Haloweski was operating the lower controls while seated on a raised step on the raised catwalk on the other side of the bucket from where Plaintiff was positioned. (Pl.'s Reply, Ex. 2 Haloweski Dep. 30:25-31:18). Hence, when Mr. Haloweski lowered the bucket, unlike Plaintiff, he was not underneath the bucket. (*Id*. at 31:23-25). As for Mr. DeSantis, from the deposition testimony provided to the Court, it appears that Mr. DeSantis was standing in the same position as Plaintiff at the time of his near miss. (DeSantis Dep. 21:1–7).

5

measure. Rather, Plaintiff argues that the decal has probative value for (1) the type of warning that should have been made, (2) what the warning should look like, and (3) and the economic impact of using the decal on the machines.

As Defendant notes, the first two proffered reasons fall under the purview of FRE 407, which provides that evidence of a subsequent remedial measure is not admissible to prove, inter alia, the need for a warning or instruction. Plaintiff cannot avoid FRE 407 by simply cloaking his justifications as merely seeking further details of the subsequent remedial remedy itself.

As to Plaintiff's third reason, Defendant claims that it does not dispute the feasibility of the warning. Instead, Defendant argues that the truck already contained an adequate warning, supposedly located adjacent to the lower controls, which provided, "[n]ever operate aerial device with person under boom or load." (Def.'s Reply Ex. 3). Therefore, introduction of the decal does not fall under one of the exceptions in FRE 407.

Accordingly, the Court finds that the decal is not admissible and GRANTS Defendant's Motion in Limine as to the introduction of the decal.

### D. Model Truck as Substantive Evidence

Defendant anticipates Plaintiff's attempted admission into evidence at trial of a model Altec aerial lift truck ("Model Truck") used by the parties during discovery as a demonstrative exhibit. Defendant has no objection to the use of the Model Truck as demonstrative evidence at trial, but argues that it should not be admitted into evidence as it has no independent probative value.

Plaintiff asserts that the mere production of a model with an alternative design is direct evidence that (1) Defendant was aware that it was economically and practically feasible to place the

6

controls in an area where Plaintiff claims that they should have been placed and (2) Defendant had already done so prior to Plaintiff's injury.

The Court holds that the Model Truck is not admissible as evidence at trial. To the extent that Plaintiff seeks to admit evidence of an economically and practically feasible alternative design, Plaintiff may solicit testimony from witnesses as to the design and may seek the admission of direct evidence (e.g., photographs, mock-ups, drawings, etc.) of the alternative design. Admission of the Model Truck, because of the differences between it and the one at issue in this case, runs a substantial risk of confusing or misleading the jury.

Accordingly, the Court finds that the Model Truck is to be used only as demonstrative evidence and not to be introduced into evidence.

## IV.   CONCLUSION

For these reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motions in Limine.


                                        S/Paul D. Borman
                                        PAUL D. BORMAN
                                        UNITED STATES DISTRICT JUDGE

Dated: March 31, 2009

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on March 31, 2009.

                                        S/Denise Goodine
                                        Case Manager